COALTlOR, Judge.
This was an action of trespass, quare clausum fregit, by the appellee against the appellants. The declaration alleges a breaking, and entering the close, dwelling-house, &c., and then charges, that the defendant did then and there make a great noise and disturbance; and opened, searched, and examined divers chests and trunks; and tumbled about, and damaged the clothing and furniture of the plaintiff, &c.
There were several bills of exceptions tendered to the opinions of the court.
The first states, that on the trial of the cause, it appeared by the testimony of the witnesses, both for the plaintiff and defendants, that the defendants went to the house of the plaintiff, at the time of committing the several trespasses stated in the declaration, for the purpose of searching for stolen goods: whereupon, the defendant’s counsel moved the court, to instruct the Jury, that, in estimating the damages, they were not to take into consideration, any injury which might have necessarily resulted to the character of the plaintiff from the said trespass; which instruction the court refused to give; and ^thereupon the Jury assessed $733 damages to the plaintiff.
The second bill of exceptions, states a *898 motion for a new trial on this ground; that the plaintiff could not fnaintain this action ; it appearing in evidence that she was a poor woman, who had a large family, and a very uncomfortable house, and that the defendant Joseph, had at the request of his brother, permitted her to occupy his house, when the alleged trespass was committed; and that there was no proof, either of payment, or agreement to pay rent.
The first point, as I understand it, was this; testimony was given by all the witnesses, that the trespass was committed in search of stolen goods. This must have been made known at the times; for declarations either before or after, would have been improper evidence. The manner of entering and searching, combined with insinuations or declarations, that the defendants were in search of stolen goods, would either impress on the by-standers a charge of crime in the plaintiff, or it would not: if it did, .or her character was, or might have been injured thereby, this would be an injury, far beyond that arising from a wanton trespass on goods, however aggravated ; and as there is nothing laid in the declaration but a wanton and aggravated trespass on the house and goods, the question is, whether, if the Jury believed, that the character of the plaintiff was assailed or injured, they were to consider that in estimating the damages. It will not do to say there were no words spoken, nor insinuations made at the time, and of course no charge on the reputation of the plaintiff; because if that was the fact, the instruction was unnecessary, and would have been a mere abstract point of law; but as evidence of the intention to search was given; and as the jury might, from such evidence, as it seems from their verdict they probably did, think the plaintiff's reputation injured; as from the manner, signs, ^insinuations, &c., a charge against the plaintiff of stealing or receiving stolen goods may have been conveyed; ought the Jury to have given damages therefor? ¿Declarations before the trespass, that the plaintiff had stolen or received stolen goods, although the parties intended to search for them, would not be proper in aggravation of damages, in a trespass afterward committed; it would be a distinct cause of action. So too, declarations before, of a simple intention to search for stolen goods, if no imputation against the character, would be no evidence in any action. The like will hold, as to declarations after the trespass. A party cannot justify or excuse a trespass, by declarations afterwards, nor will such declarations add to the injury done at the time; they either give a new cause of action, or amount to nothing: and we will not presume that improper evidence was given.
Suppose it had appeared, that the plaintiff had sued the defendants severally for slander; and had laid in her declaration certain, acts, insinuations, signs, and declarations, at the same time and place with this trespass, with an inuendo, that she was guilty of stealing, &c. ; ought the Jury in the action of trespass, to have given damages, for the injury to her character? But if she could bring such suit, and recover damages, the case, in point of law, is as strong as if she had done so. No one is entitled to double damages for the same injury. This must be prevented bjr the pleadings, and confining the parties to the issue. Perhaps if she had laid this special damage, with a per quod, in her declaration, she could have recovered therefor; but this would be on the ground that it would be a bar to another suit, for an injury to the reputation; and the party could have defended himself, at least by proving her general character.
The court was of opinion, that the damages were excessive; and a new trial would have been granted, if the x'plaintiff had not released $300 of them. The want of the instruction to the Jury probably led them into this excess; and though the damages have been lessened, yet the Jury are to find the damages, under a proper instruction as to the law; and even the Judge seems to have been of opinion, that damages could be given for the slander, although not laid, and although the defendants may have been surprised thereby, and deprived of any defence they might have made as to that matter.
As to the second bill of exceptions. I think the right of the landlord to enter to determine the lease, in case of an estate at will, if this was such, cannot justify such a trespass as is here complained of. Indeed it is admitted to have been proved, that he entered for another purpose; and therefore the rule is, that where entry, authority, or license is given to any one by law, and he abuses it, he shall be a trespasser ab initio; for the court will judge by the subsequent act, quo animo, or to what intent he entered.
I think therefore the judgment must be reversed, and the cause sent back for a new trial.
ROANE, Judge.*
Although it may be, that, upon the facts stated in the second bill of exceptions, the appellee was a tenant at will of the premises in question to the appellant Joseph Faulkner, and although in point of law such appellant might without committing a trespass, have entered upon the premises; yet the appellants as charged in the declaration, and found bjr the Jury, having, after such entry, broken open the house and trunks of the appellee, and committed other enormities, such last mentioned acts, shewed quo animo the appellees entered, and made them trespassers ab initio. The verdict in question is not therefore on this ground a verdict against *law, „nor the judgment of the court overruling the motion for a new trial liable to error.
As to the point made in the first bill of exceptions, I understand the law to be, that while every act of trespass which will bear an action, must be stated in the declaration, in order to be relied on at the trial, such facts as are of an opposite character may be given in evidence, under the clause of alia enormia contained in the declaration. Great injury may have arisen to the reputation of the appellee, from the breaking and searching her trunks, &c.; and yet that *899 injury could not be recompensed by an action of slander. That action only lies for a defamation of character by speaking, writing, signs, or pictures; and it is not shewn that any of these existed at the time of the trespass in question. The appellee would therefore be without remedy for a crying injury, unless she could rely upon the injury to her reputation arising from the facts aforesaid. It is also entirely reasonable, that that which is a consequence of the facts proved, should be relied on as well as the facts themselves. Unless this was the case, a man of high character, having his nose pulled, for example, would be limited in his recovery, to the pain arising from a petty scratch inflicted on him, on the occasion.
Although it is stated to have been been proved, that the appellants went to the house of the appellee for the purpose of searching for stolen goods, it is not further stated to have been proved, that they then declared that such was their intention, which might probably have given a foundation for an action of slander, and so have distinguished that case from the one before us: nor do the witnesses even say, that they then knew this to be the intention of the appellants. Their testimony on this point may be satisfied, by their having acquired this knowledge after this action was brought, and only an hour before they were examined.
*1 am of opinion, therefore, that the Judg§ committed no error in refusing the instruction in question, and the opinion of the court is, that that judgment should be affirmed.

Oabex.l absent.